UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES D. COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 3:04-CV-288 |
| | ) | (VARLAN/SHIRLEY) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of plaintiff's motion for summary judgment [Doc. 16] and the defendant's motion for summary judgment. [Doc. 18]. Plaintiff James D. Cooper seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Commissioner.

The ALJ made the following findings:

> 1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 2. The claimant's osteoarthritis, back, hip and knee pain; history of drug and alcohol abuse; and marginal literacy are considered "severe" based on the requirements in the Regulations 20 C.F.R. § 416.920(b).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

5. The claimant has the following residual functional capacity: to perform unskilled, medium work. Medium work requires a claimant to be capable of lifting and carrying up to 50 pounds occasionally and 25 pounds frequently and to sit or stand/walk each for as many as six out of eight hours.

6. The claimant is unable to perform any of his past relevant work (20 C.F.R. § 416.965).

7. The claimant is a "younger individual between the ages of 18 and 44" (20 C.F.R. § 416.963).

8. The claimant has "a limited education" (20 C.F.R. § 416.964).

9. The claimant has transferable skills from semi-skilled work previously performed as described in the body of the decision although transferable skills is not material (20 C.F.R. § 416.968).

10. The claimant has the residual functional capacity to perform a significant range of medium work (20 (C.F.R. § 416.967).

11. Although the claimant's exertional limitations do not allow him to perform the full range of medium work, using Medical-Vocational Rules 203.26 and 203.27 as a framework for decisionmaking, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs have been identified and enumerated by a vocational expert.

12. The claimant was not under a "disability," as

2

> defined in the Social Security Act, at any time
> through the date of this decision (20 C.F.R.
> § 416.920(f)).

(Tr. 25-26).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004); Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (held that in a close case, unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

Plaintiff, who was 25 years old at the time of the ALJ's decision, has an eighth grade education and past work experience as a construction laborer. He alleges disability beginning on December 11, 2001, due to osteoarthritis; back, hip, and knee pain; and a history of drug and alcohol abuse. (Tr. 18, 301).

Plaintiff argues that the ALJ erred in finding that he did not meet Listing 12.05C, erred in finding that his pain did not preclude him from performing medium work, and erred in posing a hypothetical question to the vocational expert ("VE") that failed to discuss his pain and

3

his impairments.

First, plaintiff contends that he meets or equals the requirements for Listing 12.05C, Mental retardation. He insists that the ALJ "played doctor in determining [that he was] not mentally retarded," arguing that on April 16, 2002 he obtained a performance IQ score of 70. (Tr. 246). Although plaintiff concedes that the record does not contain the plaintiff's academic records, he notes that it does contain one note from February 1993 that states that there was a severe discrepancy between his educational performance/achievement and his grade level or chronological age. (Tr. 202). Furthermore, as noted during the consultative psychological examination of April 2002, plaintiff left school mid-year in the ninth grade and was in special education classes. Therefore, based on the foregoing as well as his disabling pain, plaintiff contends he is satisfies the requirements for Listing 12.05C, Mental retardation.

The Commissioner insists, however, that the substantial evidence supports the ALJ's finding that plaintiff does not meet or medically equal Listing 12.05C. She points out that the state agency, reviewing psychologist Dr. Neilson indicated that plaintiff did not meet or medically equal Listing 12.05C because he had borderline intellectual functioning (Tr. 248-65), and further notes that a diagnosis of borderline intellectual functioning was made by the same consultative examining psychologists, Ms. Garland and Dr. Seidner, who conducted the IQ tests that plaintiff relies on in his brief. (Tr. 243-47).

The plaintiff has the burden to show that he meets or equals an impairment listed in Appendix 1 to the Regulations. See Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). To meet the requirements of a listed impairment, plaintiff must meet all of the elements of the listed impairment. See Hale v. Secretary of Health and

4

Human Services, 816 F.2d 1078, 1083 (6th Cir. 1987).

>Listing 12.05, mental retardation, is defined as follows:

>>Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

>>The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

>>. . . .

>>C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]

20 C.F.R. § 404, Subpt. P, App. 1.

In light of the foregoing, I find the Commissioner's arguments persuasive on this issue. The Regulations require that, to satisfy the requirements of a listing, a claimant must satisfy all of the listing's criteria, including the diagnosis or underlying impairment. 20 C.F.R. § 416.925(c). As the Commissioner points out, no psychologist, either reviewing or examining, diagnosed mental retardation, but instead diagnosed borderline intellectual functioning. Both state agency, reviewing psychologist Dr. Neilson and consultative psychological examiners Ms. Garland and Dr. Seidner diagnosed borderline intellectual functioning, not mental retardation. Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420, 1428 (1971) (a written report of a consultant physician who has examined the claimant can constitute substantial evidence.); 20 C.F.R. § 416.927(f)(2)(i) ("State agency medical and psychological consultants and other

program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation."). In light of the foregoing, this issue is without merit.

Next, plaintiff argues that the record proves he has impairments capable of causing disabling pain and that the ALJ failed to include his pain and his physical impairments in the hypothetical question posed to the VE. Plaintiff argues that he has impairments that could cause his disabling pain, citing his visits to medical sources with claims of pain, and argues that the ALJ's hypothetical question did not accurately reflect his limitations and pain.

However, the Commissioner asserts that substantial evidence supports the ALJ's finding that plaintiff could perform medium work and that the hypothetical question was complete. First, the Commissioner asserts that the objective medical evidence indicates mild limitations. The ALJ agreed that plaintiff had osteoarthritis with back, hip, and knee pain, which prevented him from performing his past heavy work. (Tr. 18, 24). However, the Commissioner notes that plaintiff's neurosurgeon, Dr. Reid, concluded that there was nothing to be done from a neurological standpoint because there was no sign of nerve root compression or stenosis at any level; plaintiff had a normal gait and his straight-leg-raising test was negative, although his lumbar flexion range of motion was reduced by fifty percent and there was tenderness in lumbosacral region; and although plaintiff had some back and leg pain, he had no radicular pain. (Tr. 207). Moreover, the Commissioner insists that the ALJ's RFC finding was consistent with the opinion of state agency, reviewing physician Dr. Bell, who opined that plaintiff could sit and stand and/or walk 6 hours each in an 8-hour workday and lift 25 pounds frequently and 50 pounds occasionally with no other limitations, which is consistent with a finding that plaintiff

6

could perform a full range of medium work. (Tr. 24, 236). Therefore, the Commissioner maintains that the ALJ's RFC finding was supported by the objective medical evidence and the opinions of medical sources.

Moreover, the Commissioner notes that the ALJ observed inconsistencies in the record. (Tr. 23). In January 2002, plaintiff stated that he stays on his couch all day, hurting and unable to even pick up his young child. (Tr. 75). However, that same month, plaintiff presented to the hospital after riding his motorcycle (Tr. 23, 218-19), and the very next month, he told Dr. Storey that he had lifted his motorcycle. (Tr. 23, 213). Also, the ALJ noted that the plaintiff inaccurately told physicians that Dr. Reid told him that his insurance would not pay for surgery, when, in fact, Dr. Reid indicated that surgery would not be beneficial. (Tr. 21, 207, 285). Thus, because of these inconsistencies, the Commissioner maintains that the ALJ reasonably found that plaintiff's claims were not totally credible. (Tr. 23-24).

Furthermore, the Commissioner contends that the ALJ properly asked the VE whether a significant number of jobs were available for someone with an ability to perform medium work and that the VE testified that there were jobs in that county and jobs nationally. (Tr. 25, 310-12). Moreover, the Commissioner points out that the ALJ asked the hypothetical question cited by plaintiff in his brief, which the VE responded would not affect the number of available jobs. (Tr. 312).

I agree with the Commissioner that the objective medical evidence supports the ALJ's finding that plaintiff can perform medium work. 20 C.F.R. § 416.967(c). Neurosurgeon Reid found no significant neurological limitations, and Dr. Bell's opinion was consistent with the ALJ's finding that plaintiff could perform medium work. 20 C.F.R. § 416.927(f)(2)(i)

7

("State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation."). Furthermore, the ALJ reasonably found plaintiff's credibility lacking in light of his ability to ride and lift his motorcycle. (Tr. 23, 213, 218-19) Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987) (determinations of credibility related to subjective complaints rest with the ALJ); 20 C.F.R. § 416.929(c)(4) (ALJ may consider conflicts between claimant's statements and other record evidence in his evaluation of credibility). Lastly, an ALJ's function is to determine what medical restrictions a plaintiff is under and how such restrictions affect his RFC. Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 247 (6th Cir. 1987). I agree with the Commissioner that the ALJ properly considered plaintiff's credible limitations and relied on VE testimony to find that plaintiff could perform a significant number of jobs in the national economy.

In light of the foregoing, it is hereby **RECOMMENDED**[1] that the plaintiff's motion for summary judgment [Doc. 16] be **DENIED** and that the defendant's motion for summary judgment [Doc. 18] be **GRANTED**.

Respectfully submitted,

＿＿s/C. Clifford Shirley, Jr.＿＿
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).