UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JAMES D. COOPER, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:04-CV-288 |
| | ) | | (VARLAN/SHIRLEY) |
| JO ANNE BARNHART, Commissioner | ) | | |
| of Social Security, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM OPINION**

This social security appeal is before the Court for consideration of Plaintiff's Objections to Magistrate's Report and Recommendation [Doc. 21]. In the Report and Recommendation [Doc. 20], United States Magistrate Judge C. Clifford Shirley, Jr., found that defendant Commissioner's decision that plaintiff was not under a disability and could perform medium work, is supported by substantial evidence in the record as a whole and should be affirmed. He recommended that plaintiff's Motion for Summary Judgment [Doc. 16] be denied and defendant Commissioner's Motion for Summary Judgment [Doc. 18] be granted.

The Court considers only specific objections to a report and recommendation. 28 U.S.C. §§ 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231, Am. Fed'n of Teachers, AFL-CIO*, 829 F.2d 1370 (6th Cir. 1987). The substantial evidence standard of review requires that the Administrative Law Judge's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's

conclusions. *Smith v. Sec'y of Health & Human Serv.*, 893 F.2d 106, 108 (6th Cir. 1989) (citation omitted). If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in plaintiff's favor. *Id.* (citation omitted).

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have decided differently issues of credibility. *Siterlet v. Sec'y of Health & Human Serv.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), however, the Court now undertakes a *de novo* review of those portions of the Magistrate Judge's report and recommendation to which plaintiff objects.

Plaintiff advances four arguments in support of his position that the Magistrate Judge erred in finding that the ALJ's decision was supported by substantial evidence. First, plaintiff argues that "the ALJ erred in failing to find the plaintiff meets or equals LOI 12.05C." [Doc. 21 at 8]. Second, he argues the ALJ erred in "his evaluation of the plaintiff's pain." [Id.]. Third, he argues the ALJ erred in "failing to comply with SSR 96-8p when formulating his RFC finding." [Id.]. Finally, plaintiff argues defendant "Commissioner has failed to sustain her burden of establishing that there is no other work in the national economy the plaintiff can perform." The Court will address each argument in turn.

First, plaintiff points to his April 16, 2002 WAIS-II performance I.Q. test score of 70 to argue that the ALJ erred in failing to find that plaintiff meets or equals LOI 12.05C. As defendant Commissioner and the Magistrate Judge point out, however, "no psychologist,

2

Case 3:04-cv-00288   Document 22   Filed 02/03/06   Page 2 of 6   PageID #: 23

either reviewing or examining, diagnosed mental retardation, but instead diagnosed borderline intellectual functioning." [Doc. 20 at 5]. Those diagnoses were made by a state agency reviewing psychologist and consultative psychological examiners; and thus, could constitute substantial evidence to support the ALJ's conclusion. *See Richardson v. Perales*, 402 U.S. 389 (1971). At the most, plaintiff has pointed to evidence of another possible outcome, but that is insufficient to establish that the ALJ's decision was not based on substantial evidence. *See Siterlet*, 823 F.2d at 920.

Turning to plaintiff's second argument, he contends that the ALJ erred in his evaluation of plaintiff's pain, by finding that plaintiff suffered from osteoarthritis and back, hip, and knee pain but also finding that plaintiff could perform medium work. As defendant Commissioner and the Magistrate Judge point out, however, that other evidence supports the ALJ's finding that plaintiff could perform medium work. Specifically, the Magistrate Judge discussed the conclusions of Dr. Reid, the plaintiff's neurosurgeon, and Dr. Bell, the state agency reviewing physician.

Dr. Reid observed that plaintiff had a normal gait, there was no sign of nerve root compression, his straight leg-raise test was negative, and there was no radicular pain, despite reduced lumbar flexion range of motion and tenderness in the lumbosacral region. [*See* Tr. 207]. Dr. Bell concluded that plaintiff could sit or stand and/or walk six hours each in an eight-hour workday, lift 25 pounds frequently and 50 pounds occasionally. The observations and conclusions of these physicians could constitute substantial evidence to support the ALJ's conclusion that plaintiff could perform medium work. *See Richardson*, 402 U.S. 389.

3

In addition to relying on the physicians, however, the ALJ noted inconsistencies in the record regarding plaintiff's pain that supported his conclusion. [See Tr. 21, 23-23, 75, 207, 213, 218-19, 285]. Thus, while plaintiff's argument points to evidence of another possible outcome, it is insufficient to demonstrate that the ALJ's conclusion was not based upon substantial evidence. *See Siterlet*, 823 F.2d at 920.

Third, plaintiff argues that the ALJ failed to comply with SSR 96-8p when formulating his RFC finding because the ALJ "offered no findings as to the plaintiff's limitations, restrictions, and/or work related abilities." [Doc. 21 at 6]. The ALJ discussed plaintiff's limitations at length in his decision. [Tr. 17]. Regarding plaintiff's mental residual functioning capacity, the ALJ stated, "The claimant has mild limitation in the activities of daily living and moderate limitation in social functioning. He has moderate limitation in concentration, persistence, or pace, and he experiences no episodes of decompensation." [Tr. 22]. Regarding plaintiff's physical residual functioning capacity, the ALJ stated, "The claimant's allegations regarding his limitations are not found to be totally credible. . . . [C]laimant is not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." [Tr. 23].

Although the ALJ did not specifically repeat the evaluation of the evidence in the findings section of the decision, he did discuss plaintiff's "medically determinable impairments" and stated that plaintiff's "allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision." [Tr. 26]. The ALJ's specific listing of plaintiff's medically determinable impairments and reference to the body of the

4

decision regarding other claimed impairments were sufficient to comply with SSR 96-8p. The ALJ discussed plaintiff's limitations, work-related abilities, and the medical evidence to support his conclusion, and that discussion provided substantial evidence for the ALJ's findings.

Finally, plaintiff argues that defendant Commissioner has failed to sustain her burden of establishing that there is other work in the national economy that plaintiff can perform because the ALJ "failed to pose hypothetical questions to the VE which included the plaintiff's limitations." [Doc. 21 at 7]. As defendant Commissioner and the Magistrate Judge point out, however, the ALJ, having considered plaintiff's limitations and concluded that he could perform medium work, asked the VE whether there were jobs available for someone to perform medium work. [*See* Tr. 25, 310-12]. The VE responded that there were, and the ALJ followed up with the specific question plaintiff cites in his objection. [*See* Doc. 21 at 8 (quoting Tr. 312)]. Although the ALJ's interrogatories did not specifically and mechanically state each of plaintiff's limitations, it is evident that the ALJ was inquiring whether there were any jobs in the national economy for someone with limitations allowing them to perform medium work, to which the VE responded affirmatively. Not satisfied with just the general hypothetical, the ALJ followed up with the hypothetical question plaintiff quotes, to which the VE responded that there would be no change. Those questions accurately portrayed plaintiff's credible limitations. Thus, the Court is satisfied that defendant Commissioner's burden was satisfied by the ALJ's questions and the VE's responses. *See Howard v. Commissioner of Social Security*, 276 F.3d 235, 238 (6th Cir. 2002).

For the foregoing reasons, the Court will overrule plaintiff's objections [Doc. 21]. The Court will accept the report and recommendation [Doc. 20] in whole. Accordingly, plaintiff's Motion for Summary Judgment [Doc. 16] will be denied, and defendant's Motion for Summary Judgment [Doc. 18] will be granted.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE